**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Hardy Industrial Technologies, Inc.,** | ) | **CASE NO. 1:12 CV 3097** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **BJB, LLC, d/b/a AgriTrading,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion for Reconsideration of the Court's March 25 Order Staying Arbitration of Disputes Arising Under the 2012 Sales Contract (Doc. 15).  This is a breach of contract action.  For the reasons that follow, the motion is GRANTED and this case is DISMISSED.

**FACTS**

Plaintiff, Hardy Industrial Technologies, LLC ( "Hardy") filed a Complaint for Injunctive Relief and Declaratory Judgment against defendant BJB, LLC dba Agri Trading ("Agri

1

Trading"). The parties are engaged in the business of buying and selling animal fats and oils. From time to time, Agri Trading purchased vegetable oils from Hardy and has furnished rail tank cars to Hardy for shipment from Hardy's Painesville, Ohio facility.

The dispute involves two purchase orders covering the purchase and sale of corn oil. The Court previously determined that the arbitration provision is enforceable with respect to one purchase order. With respect to the other, *i.e.*, Purchase Order 319527, the Court noted that two different versions purportedly governing the same transaction exist. The purchase orders contained identical dates and purchase order numbers, yet identified very different quantities of corn oil to be delivered. No party explained the discrepancy and, based on the parties' submissions, the Court could not say that an agreement to arbitrate existed.

Agri Trading moves for reconsideration. According to Agri Trading, Hardy raised the issue of the different versions of the purchase order for the first time in its reply brief. Therefore, Agri Trading had no opportunity to address the issue. As such, Agri Trading now asks the Court to reconsider its previous ruling and provides the Court with evidence that it claims establishes that the parties agreed to arbitrate disputes arising under purchase order 319527. According to Agri Trading, the second version is a "revision" of the earlier version. Hardy opposes the motion.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. "Instead, such motions, if served within [twenty-eight][1] days of entry of judgment, are

---

[1] This rule was amended to increase the filing period from ten to twenty-eight days.

considered motions to alter or amend judgments pursuant to [ ] Rule 59(e)." *Stubblefield v. Skelton*, unreported, 117 F.3d 1421 (6th Cir. July 10, 1997), *citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). "Generally, there are three major situations which justify a court reconsidering one of its orders: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Hancor, Inc. v. Inter American Builders Agencies*, 1998 WL 239283 (N.D. Ohio March 19, 1998), *citing In re Continental Holdings, Inc.*, 170 B.R. 919, 939 (Bankr. N.D. Ohio 1994). The twenty-eight day filing period, however, is jurisdictional in nature, and any motion to reconsider filed outside this time frame is of no effect. *Feathers v. Chevron, U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

**ANALYSIS**

Agri Trading argues that the evidence demonstrates that the parties agreed to arbitrate disputes arising under Purchase Order 319527. According to Agri Trading, there are two versions of the purchase order because the parties amended their agreement. Agri Trading submits two affidavits, which attest to the following facts relevant to the amendment.

On September 23, 2011, Hardy and Agri Trading negotiated through Sunbelt for the purchase and sale of recovered corn oil. The terms of the contract were identical to the terms perviously agreed to in connection with other contracts between the parties, with the exception of quantity, price, and date of shipment. The contract provided for the shipment of 416 rail cars (*i.e*, eight cars per week) of recovered corn oil during 2012. Sunbelt emailed a confirmation to Hardy and requested Hardy's "seller's number." In response, Hardy responded, "WOW... Thank you." Hardy later forwarded its "seller's number" to Sunbelt. Sunbelt provided Agri Trading

3

with a written "Confirmation of Sale and Purchase," which included Sunbelt's broker number, Hardy's seller confirmation number, and Agri Trading's contract number.

Sunbelt's president recorded the transaction details in a ledger. The ledger shows that the parties agreed to the purchase and sale of 410–not 416– rail cars of recovered corn oil. In addition, Sunbelt appears to have prepared a second version of the "Confirmation of Sale and Purchase," which indicates that the purchase is for 410 rail cars.

On October 24, 2011, Hardy advised Agri Trading via email that Hardy had the capacity to ship 10 cars of recovered corn oil per week. Thereafter, on November 7, 2011, the parties agreed to modify the quantity term from eight to 10 cars per week, for a total of 520 cars. That same day, Sunbelt emailed Agri Trading a revised Confirmation of Sale and Purchase. Agri Trading subsequently emailed Hardy a revised "Purchase Contract Confirmation" confirming the change in quantity. Hardy provided Sunbelt with a revised "seller's number" for the amended purchase order. According to the affidavits submitted, it is the practice of both Agri Trading and Sunbelt to retain the transaction date and the confirmation number even when amending an agreement. As a result, the identifying numbers are the same for both the original and the amended purchase order. On December 2, 2011, Hardy sent Agri Trading an email suggesting a manner in which the parties might be able to purchase and sell even more than 10 cars per week.

Agri Trading explains that it erroneously submitted the original purchase order calling for the shipment of eight cars per week to the American Arbitration Association. Agri Trading points out that, in any event, the two versions have identical arbitration provisions.

Agri Trading argues that it should be permitted to present this evidence to the Court at this juncture because Hardy raised the issue for the first time in its reply brief. Therefore, Agri

Trading could not have responded to the argument in the course of the initial briefing. According to Agri Trading, the above-mentioned evidence establishes that the parties agreed to arbitrate. In response, Hardy claims that Agri Trading presents no "new" evidence sufficient to justify reconsidering this Court's previous Order. Rather, according to Hardy, Agri Trading itself presented conflicting documents in support of its claim for arbitration. Thus, the fact that Hardy did not point this out until its reply brief is irrelevant. Moreover, Agri Trading failed to seek leave to file a surreply and, instead, opted to wait and see whether the Court accepted Agri Trading's position. Once the Court rejected the position, only then did Agri Trading make this new argument. In response, Agri Trading argues that this Court can reconsider any of its previous orders for any reason. Moreover, Agri Trading notes that Hardy does not dispute that the issue was not raised until a reply brief.

Hardy also argues that the new evidence fails to explain the disparity between two of Sunbelt's two forms. Although Agri Trading argues that the "ledger" contains a "minor discrepancy," Agri Trading wholly ignores the fact that a second Sunbelt *form* also calls for the purchase and sale of 410, as opposed to 416, cars of corn oil. Thus, although the "new evidence" may attempt to explain that the parties amended the original agreement from 416 to 520 cars, Agri Trading wholly fails to offer any explanation as to the discrepancy in quantity in the initial agreement itself.

Upon review, the Court finds that reconsideration is warranted. Although the Court is troubled by the fact that Agri Trading failed to present this evidence earlier,[2] the Court finds that

---

[2] Certainly Agri Trading should have been aware of the discrepancies in its own documents and the documents sent by Sunbelt. The Court sees no reason that Agri Trading could not

5

the interests of justice, together with the strong policy favoring arbitration, warrant consideration of Agri Trading's evidence at this juncture.

In its prior Order, the Court indicated that it could not enforce the arbitration provision because various forms of a supposed "agreement" existed and Agri Trading wholly failed to explain the discrepancy. For example, the Court noted that two versions bearing Purchase Order 319527 exist. Both versions contain identical dates, but call for very different performances. Absent any explanation whatsoever, the Court was unable to say the parties even came to the most basic of agreements, including whether they agreed to arbitrate the dispute. Moreover, the version of the purchase order submitted to arbitration is *not* the document Agri Trading claimed governed the dispute. Now, however, Agri Trading provides the Court with evidence explaining the discrepancy. According to the evidence, the two versions contain the same date and Purchase Order number because these provisions remain the same even in the face of an amendment. In other words, the parties do not change these portions of the documents. Agri Trading's affidavits indicate that the parties do, however, change other terms. For example, the parties initially agreed to 416 cars per year, but later increased the quantity to 520 cars per year, *i.e.*, 10 cars per week. Agri Trading provides evidence from Hardy that supports this position. For example, an email from Hardy suggests that the parties might be able to increase the quantity to *more* than 10 cars per week. Similarly, in response to Sunbelt's request to forward Hardy's "seller number," Hardy responded, "WOW... Thank you." Hardy presented no evidence to the

---

have presented the instant arguments and evidence earlier. Moreover, the Court agrees with Hardy that once this glaring issue was presented, Agri Trading could have moved for leave to file a surreply. This would certainly have saved the resources of both the Court and the parties.

contrary.  Thus, based on the parties' submissions, the Court is convinced that, at a minimum, the parties agreed to arbitrate disputes arising under these documents.  Unlike in connection with the earlier briefing, the Court is now able to analyze what Agri Trading claims transpired between the parties.  The Court need not, and in fact does not, determine whether the amendment is binding, or even whether the parties entered into a binding contract in the first place.  Rather, the Court need only be convinced that the parties agreed to arbitrate any such dispute.[3]  Based on the evidence presented by Agri Trading, the Court is convinced in this regard.

The Court rejects Hardy's argument that the discrepancy in Sunbelt's ledger and one document compel the Court to conclude that the parties' did not agree to arbitrate their disputes. Agri Trading argues that the ledger contains a "minor discrepancy," and notes that the difference in quantity is minimal.  Thus, although the original version of the purchase order calls for the purchase and sale of 416 cars of corn oil, the ledger and one form indicate that the quantity of cars is only 410.  The Court agrees with Agri Trading, however, that this minor discrepancy is an insufficient basis on which to conclude that the parties did not agree to *arbitrate*.  Again, whether or to what extent the parties agreed to sell and purchase corn oil is not an issue before this Court.  As set forth above, the Court is convinced based on the evidence presented by Agri Trading, that an enforceable agreement to arbitrate exists.  Having so concluded, the Court need not reach Agri Trading's alternative argument that limited discovery should be allowed on the

---

[3]  The Court previously addressed various arguments raised by Hardy surrounding the agreement to arbitrate.  The Court addressed these issues in connection with Purchase Order 319298. Although not raised by Hardy in connection with this motion, the Court notes that the conclusions reached by the Court apply with full force to Purchase Order 319527.

arbitration issue.

Because all of the claims at issue between the parties are subject to arbitration, the Court finds that dismissal (as opposed to a stay) is warranted.

### **CONCLUSION**

For the foregoing reasons, Agri Trading's Motion for Reconsideration of the Court's March 25 Order Staying Arbitration of Disputes Arising Under the 2012 Sales Contract (Doc. 15) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.


                                         /s/Patricia A. Gaugha  
                                         PATRICIA A. GAUGHAN  
Date:   6/20/13                   United States District Judge