**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Hardy Industrial Technologies, LLC,** | ) | **CASE NO. 1:12 CV 3097** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BJB LLC d/b/a Agri Trading** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon Defendant's Motion to Reopen Case and Request for Local Rule 37.1 Conference (Doc. 31) and NonParty Magnus International Group, Inc.'s Motion to Quash Defendant's Post-Judgment Subpoenas (Doc. 32). Defendant's motion is DENIED, and Magnus's motion is GRANTED with respect to the subpoenas issued to Cargill, Incorporated; Lake Erie Biofuels, LLC; and Purina Animal Nutrition, LLC.

## BACKGROUND

On January 6, 2017, this Court confirmed the June 23, 2016, arbitration award in favor of Agri Trading, which awarded Agri Trading a total of $1,280,064 in damages and $146,568 in attorney's fees. Thereafter, Agri Trading served discovery requests on Hardy in an effort to

1

enforce the judgment. Hardy agreed to produce documents that were responsive to some of the requests but asserted that it needed a protective order in place before production. The parties agreed to a protective order, which this Court entered on May 31, 2017. Agri Trading now states that Hardy still has not completed the production of the documents and will not indicate when it intends to do so. Agri Trading asks the Court to reopen the case and hold a telephone conference because it anticipates requiring Court assistance with its further efforts to enforce the judgment, including filing motions for a judgment examination, garnishment, and writs of execution against Hardy's property.

In addition to filing discovery requests with Hardy, Agri Trading also issued subpoenas to nonparties KeyBank, Cargill, Lake Erie Biofuels, and Purina, seeking a broad range of information regarding their interaction with another nonparty, Magnus International Group, Inc. AgriTrading asserts that the subpoenas were necessary to gather information about Hardy's assets that may be held by Magnus or that Hardy may have fraudulently transferred to Magnus. Agri Trading notes that Hardy has transferred millions of dollars to Magnus over the last three and a half years, such that Hardy's KeyBank account has a zero balance by the end of every month. In addition, Magnus and Hardy have entered into a joint credit relationship with KeyBank that Hardy asserts prohibits it from satisfying Agri Trading's judgment. (*See* Doc. 37, at 2). KeyBank has refused to produce documents in response to Agri Trading's subpoena because the credit relationship is so intertwined that it cannot produce documents relating to Hardy without also disclosing Magnus's information. Agri Trading further asserts that information developed in the arbitration shows that Magnus enters into sales contracts in its own name for products or material actually produced by Hardy, and accepts payments for those

products or materials. Finally, Agri Trading notes that Magnus's principal controlled Hardy's participation in the litigation and arbitration and has held out its own financial circumstances as reasons why Hardy cannot satisfy Agri Trading's judgment.

**ANALYSIS**

Under Federal Rule of Civil Procedure 69(a)(2), the scope of post-judgment discovery is broad. The rule permits a judgment creditor to obtain discovery in aid of the judgment or execution from "any person" as provided in the Federal Rules, including through a subpoena issued under Rule 45. Fed. R. Civ. P. 69(a)(2). A judgment creditor can use the "full panoply" of discovery measures available, "including information about assets on which execution can issue or about assets that have been fraudulently transferred." *Lucas v. Jolin*, 2016 WL 5844300, at *3 (S.D. Ohio Oct. 10, 2016) (citations omitted). The same limits that apply generally to all discovery requests apply to post-judgment requests. *Id.* at *4. Thus, discovery sought must be relevant and not cause an undue burden to the producing party. Consideration of nonparty status is another factor in the analysis. *Id.* (citing *Howmedica Leibinger, GmhH*, 190 F.R.D. 518 (W.D. Tenn. 1999)).

A. Magnus's motion to quash

While Agri Trading has made a sufficient showing that it would be entitled to discover information from third parties that is relevant to the goal of discovering Hardy's concealed assets, the subpoenas issued to Cargill, Lake Erie Biofuels, and Purina are overbroad. The requests include such things as "[a]ll documents concerning any product or material produced by Hardy or Magnus" and "[a]ll documents relating to any communications with Hardy or Magnus concerning any contract, agreement, or payment for, or shipment of any product or material from

3

Hardy or Magnus." Agri Trading has not shown how the requests are tailored to the goal of locating concealed assets. Thus, Magnus's motion to quash is granted with respect to these entities.[1]

Magnus does not directly address the subpoena issued to KeyBank or explain why the requests to KeyBank are overbroad or seek confidential information. KeyBank, however, served a written objection to the subpoena to Agri Trading. *See* Fed. R. Civ. P. 45(d)(2)(B) ("A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting [or] copying...any or all of the materials."). Once an objection has been filed, the subpoenaing party must seek an order compelling production. *Id.* ("If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production.... (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."). Agri Trading has not filed a motion to compel KeyBank to comply with the subpoena. The Court will, therefore,

---

[1] According to Magnus, much of its business involves confidential information and trade secrets, including customer pricing information, ingredient and research information, and trade terms. It argues that the information sought from the subpoenaed parties contains trade secret, commercial, and asset information of Magnus that has nothing to do with Hardy. Because the documents requests are overbroad, the Court need not address whether Magnus has sufficiently shown that the requested information is trade secret or confidential information.

Magnus also asks the Court to order Agri Trading to return any document or information concerning Magnus that it has already received from the subpoenaed parties in response to the subpoenas. The request is denied.

neither grant Magnus's motion to quash nor order KeyBank to comply with the subpoena at this time.

B. Agri Trading's motion to reopen and for a conference

Finally, nothing in the Federal Rules of Civil Procedure require the Court to reopen the case before it may address post-judgment discovery motions. Defendant's motion to reopen is therefore denied. The Court also declines to hold a Rule 37 discovery conference at this time. Although Agri Trading states that Hardy has been recalcitrant in complying with its discovery requests, the only specific discovery dispute that has been presented to the Court was Magnus's motion to quash.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 10/4/17