**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Hardy Industrial Technologies, LLC,** | ) | **CASE NO. 1:12 CV 3097** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BJB LLC d/b/a Agri Trading** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon Defendant's Motion to Compel Compliance with Subpoena (Doc. 39) and NonParty Magnus International Group, Inc.'s Renewed Motion to Quash Subpoena (Doc. 40). For the reasons discussed below, Defendant's motion to compel is granted, and Magnus's renewed motion to quash is denied.

## BACKGROUND

On January 6, 2017, this Court confirmed the June 23, 2016 arbitration award in favor of Defendant Agri Trading, which awarded Agri Trading a total of $1,280,064 in damages and $146,568 in attorney's fees. Since then, Agri Trading has unsuccessfully sought to recover on the award from Plaintiff Hardy Industrial Technologies, LLC.

1

Agri Trading engaged in discovery in an effort to obtain information about Hardy's assets on which execution can issue. During discovery, Hardy produced a credit agreement with KeyBank National Association entered into jointly with Magnus International Group, Inc., Hardy's parent corporation. Hardy also produced its corporate banking statements from KeyBank, checks drawn on a Magnus account at KeyBank, and commercial loan statements from KeyBank issued to Magnus. (Doc. 39, at 3). Hardy's bank statements show that, over the past three and a half years, Hardy has transferred millions of dollars to the account number shown on Magnus's checks. Because of these transfers, Hardy's account has a zero balance by the end of every month. According to Agri Trading, Hardy has transferred more than $4 million to Magnus so far this year, but Hardy refuses to produce any other KeyBank documentation explaining the transfers. It also refuses to produce any other documents regarding the joint credit agreement with Magnus and KeyBank, although Hardy has claimed that the agreement prohibits it from satisfying Agri Trading's judgment.

Because Hardy refused to produce this information, Agri Trading issued a subpoena to KeyBank on August 16, 2017. According to Agri Trading, its requests of KeyBank "seek[] documents related to the transfer of assets that [Hardy] may have made to its parent corporation Magnus... and Hardy's indebtedness to KeyBank." (Doc. 39, at 2).[1] KeyBank produced copies of

---

[1] The requests seek:
1. All documents that refer to, relate to, mention and/or involve any bank accounts, savings accounts, checking accounts, certificates of deposit, mutual funds, letters of credit, etc., held in the name of or on behalf of Hardy or Magnus.
2. All documents that refer to, relate to, mention and/or involve [Hardy's] KeyBank account.
3. All documents that refer to, relate to, mention and/or involve KeyBank Magnus's DDA account.

2

Hardy's corporate account statements. It refuses to produce other responsive documents without a court order, however, because "they evidence or relate to both parties' (and others') intertwined credit relationships with KeyBank." (Doc. 37-2, at 2).

Counsel for Agri Trading, Hardy, and KeyBank met and conferred but were unable to resolve their dispute. Agri Trading now moves to compel KeyBank to comply with the subpoena. Magnus opposes Agri Trading's motion and moves to quash the subpoena. KeyBank has not responded to Agri Trading's motion to compel or joined in Magnus's motion to quash.

**ANALYSIS**

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery in aid of the judgment or execution from "any person" as provided in the Federal Rules, including through a subpoena issued under Rule 45. The scope of post-judgment discovery is

---

4. All documents that refer to, relate to, mention and/or involve [certain identified] loans.
5. All documents that refer to, relate to, mention, and /or involve the signatories or guarantors on any bank account, checking account, certificate of deposit, mutual fund or letter of credit, held in the name of or on behalf of Hardy or Magnus from January 1, 2011 to the present or pursuant to the terms of the Credit and Security Agreement.
6. All documents concerning the Credit and Security Agreement, including all supporting documentation, guarantees, financial statements, notices, and communications between, by or on behalf of KeyBank and Hardy or Magnus, and/or any guarantors.
7. All documents that relate to, refer to, mention and/or involve any loans or letters of credit, including any revolving loans, term loans, or CapEx loans, obtained or sought by Hardy orMagnus, under the terms of the Credit and Security Agreement, including all supporting documentation, notices, notes, payments, and communications between, by or on behalf of KeyBank and Hardy or Magnus, and/or any guarantors.
8. All documents concerning any liens asserted against or attached to Hardy and/or Magnus by KeyBank, including all supporting documentation, and communications between, by or on behalf of KeyBank and Hardy and/or Magnus, and/or any guarantors.

broad, *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted), and a judgment creditor can use the "full panoply" of discovery measures available, *Lucas v. Jolin*, 2016 WL 5844300, at *3 (S.D. Ohio Oct. 10, 2016) (citations omitted). Discovery may be allowed against a non-party in certain situations, including when the third party possesses "special knowledge regarding the [judgment debtor's] assets" or "where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them." *Lewis v. United Joint venture*, 2010 WL 5230866, at * 2 (N.D. Ohio Dec. 16, 2010) (citations omitted). *See also British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex. 2000) ("The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets."). The same limits that apply generally to all discovery requests apply to post-judgment requests. *Lewis*, 2010 WL 5230866, at *4. Thus, discovery sought must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

When a party objects to a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(ii). A court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

Here, Agri Trading argues that the discovery it seeks is relevant to discovering whether Hardy has assets that could be used to satisfy the judgment entered in Agri Trading's favor. In Document Requests 1-3, Agri Trading states that it requests "discovery of documents from KeyBank that may explain the nature of the[] [monthly] transfers [between Hardy and Magnus]

4

and how Magnus may be using or otherwise distributing or concealing Hardy's assets." (Doc. 39, at 6). In Requests 4-8, Agri Trading seeks information "related to the amounts Hardy has borrowed or owes, the identity of loan guarantors, or the assertion of liens against Hardy." (*Id.* at 7). Magnus argues that the subpoena should be quashed with respect to all documents and information concerning Magnus because it is a non-party, this information is not relevant to Agri Trading's collection efforts against Hardy, and the information includes Magnus's confidential asset and commercial information.

As noted, Agri Trading has shown that, for the past three and a half years, Hardy has transferred all of its assets in its KeyBank account to Magnus, its parent, such that Hardy's account has a zero balance at the end of every month. Hardy also has entered into a joint credit relationship with KeyBank that Hardy has used as a basis for its inability to satisfy the judgment. The relationship between Hardy and Magnus is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them. Moreover, as Agri Trading points out, as the recipient of all of Hardy's monetary assets, Magnus clearly possesses special knowledge about those assets. Thus, all documents related to the transfer of assets between Hardy and Magnus are relevant to Agri Trading's effort to discover Hardy's assets and whether these assets can be executed against. Similarly, Agri Trading is entitled to all information arguably relevant to Hardy's joint credit agreement with Magnus. "Having chosen to intertwine its assets and commercial information with Hardy, Magnus cannot now argue that Hardy's information should be shielded from disclosure that also may reveal Magnus's information." (Doc. 42, at 5-6). KeyBank must, therefore, comply with the subpoena. *See Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428 (8th Cir. 1998) (holding that, where evidence of relationship between

judgment debtor and its nonparty sole officer, director, and shareholder were sufficient to raise a doubt as to the legitimacy of the transfer of assets between them, "the presumption should be in favor of full discovery of any matters arguably related to Credit Lyonnais's efforts to trace SGC assets and otherwise to enforce its judgment").

**CONCLUSION**

For these reasons, Defendant's Motion to Compel Compliance with Subpoena (Doc. 39) is granted, and NonParty Magnus International Group, Inc.'s Renewed Motion to Quash Subpoena (Doc. 40) is denied.

IT IS SO ORDERED.

                                           /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Court
                                          Chief Judge

Dated: 12/15/17